HENRY WATTS, ET AL., v. G. W. LINGENFELTON.

**Punitive Damages for Assault and Battery.**

  Where an attack is premeditated and is an aggravated case of an assault and battery, even when no serious bodily harm results, punitive damages are recoverable.

**Defendant Failing to Produce Witness.**

  When the evidence against a defendant in a suit for damages for an assault and battery is circumstantial, and he has it in his power to produce a witness who might explain the facts, the inference arising from his failure to do so may be properly deduced by the jury.

APPEAL FROM LINCOLN COURT OF COMMON PLEAS.

March 10, 1880.

OPINION BY JUDGE PRYOR:

It is manifest from the proof in this record that the absence of the boy Edwards was properly attributed to the action of these defendants, and the remark made by the judge during the progress of the trial, in order to procure the presence of the witness, was for the purpose of having a full and proper investigation of the case that the jury might have a complete knowledge of all the facts upon which the complaint of the appellee is based. As to Henry and John Watts the testimony is conclusive. The attack made by them on the appellee was premeditated, and a more aggravated case of an assault and battery could not have been established by human testimony. While the consequences resulting from the force used did not seriously affect the mental or physical condition of the appellee, the purpose and intent of the parties was to take his life, if necessary, in order to avenge the wrong supposed to have been committed by a son of the appellee in dogging the hogs of appellants. It is a case demanding punitive damages, and one in which the discretion of the jury should not have been checked, if within the sum claimed by the appellee. That these young men, neighbors of the appellee, armed themselves with pistols and a shotgun with a view of chastising the latter, and to take his life if he resented the indignity, is clearly established, and their conduct is not to be justified or excused, nor the punishment mitigated, for the reason only of the failure of the parties to accomplish their purpose.

The administration of justice for the invasion of a personal or private right would be a mere mockery if defense could be made,

or the damages mitigated in a civil action like this merely because the accused failed to execute fully his criminal intent. The appellee was attacked on the highway leading to his own house by these appellants with gun and pistols, and required to answer for an imaginary wrong alleged to have been committed by a mere boy, the son of the appellee. Such conduct cannot be justified nor excused, nor the verdict of the jury interfered with, unless influenced by passion or prejudice. The enormity of the offense fully vindicates the action of the jury, and a verdict for the full amount claimed would not have been disturbed.

As to Granville Watts the evidence was entirely circumstantial, and although he has sworn and stated he never had any connection with or knowledge of the assault, it was within his power to have shown how and from whom the boy Edwards obtained the gun, and thereby have removed not only the effect of the testimony against him, but all suspicion even of being instrumental in causing this inhuman assault on the appellee. This he has failed to do, and the only question for this court to determine is: Was there evidence sufficient to authorize the finding against him?

He was tried by a jury of his neighbors who knew him and all the parties to this action, and was examined as a witness in his own behalf; and it was within the province of these twelve men selected to try his case, whether or not his statements were to be believed. The shotgun with which the appellee was knocked down by Henry Watts was the property of Granville. A short time prior to the difficulty on the highway, Henry and Granville were at the home of the latter (both being together) and not one word passed between them. Henry looked excited, ate nothing and left the house. In a short time Granville left and is heard making inquiry for the boys. He is seen, according to Bray's testimony, in an open field where he had a full view of the highway and of appellant's wagon. Not long after, he returned home, or in that direction, and the boy Edwards is seen in a short time coming from the direction of his house with this shotgun and delivers it to the parties. Henry Watts swears that he did not see Edwards when at the house, and so could not have required him to bring the gun or have notified him that he needed it; still, Edwards reaches the highway just in time to furnish the appellants with the necessary weapon.

Now it is argued that Henry may have been making false statements, for the reason that Granville has sworn that he did not see

Edwards, or authorize him to carry the gun to the boys, and only left the house in search of them for fear they might do some wrong on account of the hogs being dogged. The jury had the right to accept Henry's testimony as true, or to reject the statements of both, and when Granville knew the character of proof against him, and had it within his power to have produced the boy Edwards and established by him (if the facts existed) his entire innocence of any complicity in the transaction, and failed to do so, it certainly damaged his defense and strengthened the conviction of the jury as to his guilt.

The circumstances against him were not only suspicious, but were sufficient to authorize the finding, and when failing to avail himself of the testimony of this boy by whom the whole matter could have been explained, when it was in his power to produce him, it removed any doubt the jury might have had on the subject. After an order for the arrest of the boy had been made and his presence desired by the appellee, and while the trial was progressing, this boy was at appellant's (Granville's) house every night, as the latter swears, and still no effort made by the appellant to produce him. The witness was only fifteen years old, was in the custody of the appellant, and his failure to produce him must and should have had its effect on both the judge and jury. The testimony of the sheriff as to his efforts to find him were neither incompetent or prejudicial to the appellants. That the boy lived with appellant is a fact conceded, and if appellant saw proper to risk the consequences of the trial without him, upon a state of fact showing that the absence was agreeable, if not procured by the appellants, the fault must rest upon him alone, and not on the court or jury.

The instructions were proper and gave to the jury the whole law of the case.

Judgment *affirmed.*

*R. C. Warren, F. F. Babbitt, Dunlap & Dunlap, R. M. & W. O. Bradley, for appellants. Welsh & Saufley, for appellee.*